IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN BORDEN,                                    1:08-cv-00051 OWW SMS (PC)

       Plaintiff,
                                      FIRST INFORMATIONAL ORDER

   vs.

JAMES YATES, Warden,

       Defendant.
                                 /

      Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. In litigating this action, the parties must comply with the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and the Local Rules of the United States District Court, Eastern District of California (Local Rules). This order highlights specific rules of which the parties should take particular note. <u>FAILURE TO COMPLY WITH THE FEDERAL RULES, LOCAL RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR APPROPRIATE SANCTIONS, UP TO AND INCLUDING DISMISSAL OF THIS ACTION.</u> Local Rule 11-110; Fed. R. Civ. P. 41(b).

      1. Documents intended to be filed with the court by pro se litigants must be mailed to the Clerk of the Court. Local Rule 5-133(d)(1). <u>All documents improperly mailed to a judge's chambers will be</u>

      2. Each document submitted for filing must include the original signature of the filing party or parties. Local Rule 7-131; Fed. R. Civ. P. 11(a). <u>All documents submitted without the required stricken</u>

from the record.[1]  A document requesting a court order must be styled as a motion, not a letter.  Fed. R. Civ. P. 7. signature(s) will be stricken.  Each separate document must be bound separately at the top left corner.  Local Rule 7-130(b).  If a document is bound behind another document, it will not be filed and will not enter the court docket.

3. You are not required to send this court copies of your documents submitted for filing. Local Rule 5-133(d)(2).  If the filing party wishes the court to return a file-stamped copy, he or she must include one copy for that purpose AND a pre-addressed postage paid envelope.  The court cannot provide copy or mailing service for a party, even for an indigent plaintiff proceeding in forma pauperis.  Copies of documents from the court file may be obtained at the cost of fifty cents per page.

4. After defendants have appeared in an action by filing a response to the complaint (i.e., an answer, a motion to dismiss, or a motion for summary judgment), all documents filed with the court must include a certificate of service stating that a copy of the document was served on the opposing party.  Fed. R. Civ. P. 5; Local Rule 5-135.  A document submitted without the required proof of service will be stricken.  Where a party is represented, service on the party's attorney of record constitutes effective service.

5. All filings must bear the file number assigned to the action, followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned and the letter "P."  Where plaintiff simultaneously pursues more than one action, he or she must file separate original documents and the appropriate number of copies in each action to which the document pertains.  Documents submitted listing more than one case number in the caption will be stricken.

6. The court cannot serve as a repository for the parties' evidence (i.e., prison or medical records, witness affidavits, etc.). The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court).  Evidence improperly submitted to the court will be stricken.

7. The Eastern District of California converted to an electronic filing, service, and storage system, effective January 3, 2005. Pro se litigants are exempt from the electronic filing requirement and

---

[1] When a document is stricken, it becomes a nullity and is not considered by the court for any purpose.

-2-

1  must submit all documents to the court in paper.  Local Rule 5-133(b)(2).  Paper documents submitted
2  by pro se litigants for filing will be scanned into the electronic court file by the Clerk's Office.  After
3  being scanned into the electronic court file, the paper documents will be retained in the Clerk's Office
4  for a limited period of time and then discarded.  Local Rule 39-138(d).  For this reason, pro se litigants
5  are cautioned not to send original exhibits to the court.  When it is appropriate for pro se litigants to
6  submit exhibits to the court (see paragraph 6), the litigants shall retain their original exhibits and send
7  photocopies to the court.

8       8.  After an answer is filed, the court will issue an order opening discovery, and setting the
9  deadlines for completing discovery, amending the pleadings, and filing pre-trial dispositive motions.
10 <u>No discovery may be conducted without court permission until an answer is filed and the court issues
11 the discovery order</u>.  Discovery propounded on a party is self-executing, and must be served directly on
12 the party from whom discovery is sought; parties should not file copies of their discovery with the court.
13 Local Rules 33-250, 34-250, 36-250.  <u>Discovery documents inappropriately submitted to the court will
14 be stricken</u>.  Where the response to discovery is unsatisfactory, the party seeking discovery may file a
15 motion to compel discovery, including a copy of the discovery propounded and the response thereto.
16 Fed. R. Civ. P. 37.  A motion to compel must be accompanied by "a certification that the movant has
17 in good faith conferred or attempted to confer with the party not making the disclosure in an effort to
18 secure the disclosure without court action."  Fed. R. Civ. P. 37(a)(2)(A).  <u>A discovery motion that does
19 not comply with all applicable rules will be stricken and may result in imposition of sanctions</u>.

20      9.  Because plaintiff is incarcerated and proceeds pro se, all pre-trial motions will be submitted
21 without a hearing.  Local Rule 78-230(m).  The parties are referred to Local Rule 78-230(m) for the
22 briefing schedule on motions.

23      10.  All court deadlines will be strictly enforced.  Requests for time extensions must state the
24 reason the extension is needed and must be filed with the court before the deadline in question.  Local
25 Rule 6-144.

26      11.  A pro se plaintiff has an affirmative duty to keep the court and opposing parties apprised of
27 his or her address.  Local Rule 83-182(f).  If a plaintiff moves and fails to file a notice of change of
28 address, service of court orders at plaintiff's prior address shall constitute effective notice.  <u>Id</u>.  If mail

1  directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the court will not attempt
2  to re-mail it.  <u>If the address is not updated within sixty days of the mail being returned, the action will
3  be dismissed for failure to prosecute</u>.  Local Rule 83-183(b).

      12.   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  The court has a large number of prisoner civil rights cases pending before it and will screen plaintiff's complaint in due course.

IT IS SO ORDERED.

**Dated:   January 11, 2008**            /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE