# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BORDEN, | 1:08-cv-00051-OWW-SMS-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUESTS TO PLACE MATTER ON CALENDAR |
| v. | (Docs. 9, 11) |
| JAMES YATES, Warden, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR REMAND |
| Defendant. | (Docs. 5, 6) |
| | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.    BACKGROUND**

Steven Borden ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was initiated by civil complaint filed by plaintiff in the Fresno County Superior Court on November 5, 2007 (Case #07CECL10425).  On January 10, 2008, defendant Yates ("defendant") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b).  (Doc. 1.)  In the Notice of Removal, counsel for defendant indicates that defendant received a copy of the complaint on November 7, 2007.  On January 24, 2008, plaintiff filed responses in opposition to the removal in which he requested remand of the action to state court, and on February 27, 2008 and March 12, 2008, plaintiff filed requests for the court to place this matter on the court's calendar.  (Docs. 5, 6, 9, 11.)

**II.    REQUESTS TO PLACE MATTER ON COURT'S CALENDAR**

Plaintiff is directed to review the First Informational Order issued by the court on January 14, 2008.  (Doc. 4.)  Because plaintiff is incarcerated and proceeds pro se, all pre-trial motions

will be submitted to the court without a hearing.  (Id. at 3 ¶9).   Therefore, plaintiff's requests for the court to place this matter on the court's calendar are denied, and plaintiff's request for remand shall be resolved on the documents submitted on the record.

**III.    REQUEST FOR REMAND**

Plaintiff has filed a request for this action to be remanded to the Fresno County Superior Court for want of federal court jurisdiction.  "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Id.

Plaintiff objects to the removal of this action on the grounds that the Superior Court is the proper jurisdiction for the action.  Plaintiff argues that he should be allowed to litigate this action in state court because "the law is well settled in this area, and no constitutional arguments were raised."  (P's Opp. at 2:15-17.)  Plaintiff maintains that defendant removed the case to federal court in order to stall the litigation which was already in progress at state court.  (P's Opp. at 3:14-18.)

The court has thoroughly reviewed plaintiff's complaint.  Although the complaint is primarily couched as claims under the California Constitution and state tort law, plaintiff also refers to Section 1983 of Title 42 of the United States Code and alleges violations of his rights to be free from cruel and unusual punishment under the Eighth Amendment.  In the complaint, plaintiff states that he "retains his right to pendent jurisdiction under *42 U.S.C. Section 1983 for [a] deliberate indifference claim*."  (Cmp. at 3 ¶14.) (emphasis added).  In his Statement of Claim Against James Yates, plaintiff alleges that defendant failed to protect the inmates at Pleasant Valley State Prison under statutory law charged to Yates "under the Penal Code of California, the *Constitution of the United States*, and the California Code of Regulations inclusive of the Director's Operation Manual."  (Cmp. at 6 ¶1.)  (emphasis added).  Plaintiff also alleges that the dangerous conditions at Pleasant Valley State Prison "led to the *Constitutional*

*Civil Rights Violation of Cruel and Unusual Punishment* and the *disregard to the safety and health* of Plaintiff," (Cmp. at 7 ¶3.) (emphasis added), and states that "[t]his *Cruel and Unusual punishment* and *deliberate indifference to the safety and health of inmates* being housed at PVSP . . . is an *8th Amendment Claim*." (Cmp. at 8 ¶7.) (emphasis added). Plaintiff argues that he only preserved his right to sue in federal court because he followed instructions in a self-help litigation manual. (P's Opp. at 2:20-26.) However, plaintiff previously litigated a civil rights action under § 1983 in federal court, case CIV-S-02-1184-LKK-PAN. (See Cmp. at 8:21-23.) Therefore, he cannot claim to be without knowledge of what constitutes a federal claim. As for plaintiff's argument that defendant removed the case in order to stall the litigation, plaintiff has submitted no evidence in support of the allegation, and the court finds this argument without merit. Therefore, the court finds that plaintiff has clearly presented a federal question in the complaint and therefore, the federal court has jurisdiction and the action is removable.

**IV.   CONCLUSION**

The court finds that the federal court has jurisdiction over plaintiff's claims and the action is removable. Accordingly, it is HEREBY RECOMMENDED that plaintiff's request for this action to be remanded to the Fresno County Superior Court be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 3, 2008**                  /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE