# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BORDEN, | 1:08-cv-00051-OWW-SMS-PC |
| Plaintiff, | ORDER RESOLVING MOTION FOR CASE TO PROCEED AND DENYING MOTION TO ADD DOCUMENTS TO EXHIBITS |
| v. | (Docs. 15, 16) |
| JAMES YATES, Warden, | |
| Defendants. | |

Steven Borden ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil complaint filed by plaintiff in the Fresno County Superior Court on November 5, 2007 Case #07CECL10425). On January 10, 2008, defendant Yates ("defendant") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b). (Doc. 1.) On November 5, 2008, plaintiff filed a motion for this action to move forward. (Doc. 15.) On January 5, 2009, plaintiff filed a motion to add documents to the exhibits to the amended complaint. (Doc. 16.)

In his motion for this action to move forward, plaintiff notifies the Court that his complaint was filed months ago and the Court has not addressed pending issues. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court screens

1  complaints in the order in which they are filed and strives to avoid delays whenever possible.
2  However, there are hundreds of prisoner civil rights cases presently pending before the court, and
3  delays are inevitable despite the court's best efforts.  Plaintiff's complaint shall be screened in
4  due course.  Plaintiff argues that the court is obliged to adhere to a 120-day schedule pursuant to
5  "28, U.S.C.S. #2254 and Local Rule 5,1 F.R.C.P."  (See title of Doc. 15.)  However, plaintiff's
6  cites do not point to any applicable statute or rule establishing such a schedule, and the court is
7  unaware of such requirement.  In any event, plaintiff can rest assured that he will receive all
8  orders issued in his case as long as he keeps the court apprised of his current address.

9           Plaintiff refers to an amended complaint which he submitted to all parties on
10 February 5, 2008.  A review of the Court's docket shows no amended complaint filed in this
11 action.  Pursuant to Local Rules, pro se litigants such as plaintiff must *file* and serve paper
12 documents.  L.R. 5-133(a),(b)(2)(emphasis added).  Before the Court can consider a document in
13 plaintiff's case, the document must be delivered to the Clerk of the Court for filing.  L.R. 5-
14 133(d)(1).  Serving the document on the parties is not enough.  Plaintiff is advised that he should
15 mail the amended complaint to the Clerk's Office for filing if he wishes the Court to consider it.

16          Inasmuch as plaintiff's amended complaint is not before the court, plaintiff's
17 motion to add documents to the exhibits to the amended complaint is moot at this stage of the
18 proceedings and shall be denied without prejudice.

19          Therefore, based on the foregoing, IT IS HEREBY ORDERED that:
20          1.      Plaintiff's motion for this action to move forward is RESOLVED; and
21          2.      Plaintiff's motion to add documents to the exhibits to the amended
22                  complaint is DENIED without prejudice.
23 IT IS SO ORDERED.
24 **Dated:   January 23, 2009**            **/s/ Sandra M. Snyder**
                                             UNITED STATES MAGISTRATE JUDGE