# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BORDEN, | 1:08-cv-00051-OWW-SMS-PC |
| Plaintiff, | ORDER ADDRESSING PLAINTIFF'S MOTION FOR THE COURT TO EXERCISE SUPPLEMENTAL JURISDICTION |
| v. | |
| JAMES YATES, et al., | (Doc. 24.) |
| Defendants. | |

## I. RELEVANT PROCEDURAL HISTORY

Steven Borden ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil complaint filed by Plaintiff in the Fresno County Superior Court on November 5, 2007 (Case #07CECL10425). On January 10, 2008, defendant Yates ("Defendant") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b). (Doc. 1.) On February 2, 2009, Plaintiff filed an amended complaint. (Doc. 22.) On August 26, 2009, Plaintiff filed a motion for court to exercise supplemental jurisdiction in this action over his state tort claims under 28 U.S.C. § 1367. (Doc. 25.) Plaintiff's motion is now before the court.

## II. ORIGINAL AND SUPPLEMENTAL JURISDICTION

Under 28 U.S.C. § 1331, district courts exercise original jurisdiction over civil actions arising under the Constitution, laws, and treaties of the United States. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the

1

Constitution]," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). Under 28 U.S.C. § 1367(c), "[T]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -- (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

### III. PLAINTIFF'S MOTION

In the court's order filed August 20, 2008, the court found that Plaintiff's original complaint contains federal constitutional claims, such that it properly satisfies the requirements for federal subject matter jurisdiction under 18 U.S.C. § 1331. (Doc. 19.) In such case, the court also has supplemental jurisdiction over any of plaintiff's state claims which form part of the same case or controversy under Article III at issue in plaintiff's federal claims. However, the court retains discretion to decline to exercise supplemental jurisdiction over plaintiff's state law claims at a later stage of these proceedings, should good cause arise under § 1367(c).[1]

### IV. CONCLUSION

Based on the foregoing, plaintiff's request for the court to exercise supplemental jurisdiction is HEREBY RESOLVED.

IT IS SO ORDERED.

**Dated: February 18, 2010**          /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). As yet, Plaintiff's amended complaint has not been screened by the court.