# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BORDEN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES YATES,<br><br>　　　　　　Defendant.<br>_____ / | CASE NO. 1:08-cv-00051-OWW-SMS PC<br><br>Fresno County Superior Court Case No. 07CECL10425<br><br>ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER REMAINING STATE LAW CLAIMS AND REMANDING ACTION TO FRESNO COUNTY SUPERIOR COURT<br><br>(Doc. 22) |

　　　Plaintiff Steven Borden is a state prisoner proceeding pro se in this civil action. On January 10, 2008, Defendant Yates removed this action from Fresno County Superior Court. 28 U.S.C. § 1441(a). On January 24, 2008, Plaintiff filed a motion to remand, which was denied by the Court on August 20, 2008, on the ground that Plaintiff's complaint referred to 42 U.S.C. § 1983 and alleged a violation of the Eighth Amendment of the United States Constitution. On February 2, 2009, Plaintiff filed an amended complaint as a matter of right, and omitted his federal constitutional claim.[1]  Fed. R. Civ. P. 15(a).

　　　Because the Court had original jurisdiction at the time of removal, 28 U.S.C. § 1331, it has the discretion to retain jurisdiction over Plaintiff's state law tort claims despite Plaintiff's decision to amend and omit his federal claim, Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159

---

[1] Plaintiff's amended complaint is before the Court for review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen the pleading and dismiss any claims that are frivolous or malicious, or fail to state a claim.

1

1  F.3d 1209, 1213 (9th Cir. 1998); Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). However, while courts are not required to dismiss or remand the state law claims once the federal claims are no longer pending, the factors of judicial economy, convenience, fairness, and comity are weighted toward declining to exercise supplemental jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 619 (1988); Acri, 114 F.3d at 1001.

In this instance, although Plaintiff subsequently filed a motion in which he requested that the Court exercise supplemental jurisdiction over his state law tort claims notwithstanding his abandonment of his federal claim, Plaintiff clearly and unequivocally omitted his federal constitutional claim from his amended complaint. (Docs. 22, 25.) When the federal claim is dropped from the suit in the early stages of litigation, as it was in this case, federal courts should decline to exercise jurisdiction over the remaining state law claims. Carnegie-Mellon Univ., 484 U.S. at 350, 108 S.Ct. at 619 (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130,1139 (1966)). This action shall be remanded to the Fresno County Superior Court. Carnegie-Mellon Univ. at 357, 623.

Accordingly, it is HEREBY ORDERED that:

1. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims;

2. This action is remanded to the Fresno County Superior Court; and

3. The Clerk of the Court shall serve a copy of this order on the Fresno County Superior Court.

IT IS SO ORDERED.

**Dated:   July 13, 2010**              /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE